UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GEOGHEGAN,

        Petitioner,

v.                                                                                  CASE NO. 2:11-cv-13123
                                                                                    HONORABLE VICTORIA A. ROBERTS
WARDEN, MILAN DETENTION CENTER,
MILAN, MICHIGAN and THE UNITED
STATES PAROLE COMMISSION,

        Respondents.
_____/

# OPINION AND ORDER
## DISMISSING THE HABEAS CORPUS PETITION
### and
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
### but
## ALLOWING PETITIONER TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Pending before the Court is Petitioner Michael Geoghegan's *pro se* petition for the writ of habeas corpus under 28 U.S.C. §§ 2241 and 2243. Petitioner is an inmate at the Federal Detention Center in Milan, Michigan. Although he contends he is detained pursuant to an invalid warrant, he has not shown that he exhausted administrative remedies. Accordingly, the petition must be dismissed.

## I. Background

The habeas petition alleges Petitioner was convicted in this District of armed bank robbery and sentenced in 1977 or 1978 to ten years in prison. Petitioner apparently was released from prison on parole, but, in May of 2011, the United States Marshal arrested him on a warrant issued by the United States Parole Commission.

The warrant alleged that Petitioner violated one or more conditions of his release on parole from his conviction for the armed bank robbery.

Petitioner alleges that he served his ten-year sentence for the armed bank robbery and that neither the Bureau of Prisons, nor the Parole Commission, has jurisdiction over him. Petitioner further alleges that the Parole Commission's arrest warrant is invalid because it was not executed in a timely fashion and because it does not comply with statutory requirements or with the Parole Commission's regulations.

Petitioner expects to be transferred to Philadelphia, Pennsylvania for a parole revocation hearing. He claims that the institutional transfer will deprive him of his right to call witnesses and his right to present documentary evidence at the revocation hearing. Petitioner also alleges that he is in poor health and that he will loose his health insurance and numerous medications if he remains in custody. He seeks a speedy resolution of his claims and release from custody.

## II. Discussion

A preliminary question is whether Petitioner exhausted administrative remedies for his claims. Federal prisoners ordinarily "must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231-32 (6th Cir. 2006) (citing *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001), and *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). The exhaustion requirement generally is

> required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

> The Bureau of Prisons has adopted an Administrative Remedy Program "to allow an inmate to seek formal review" of any issue relating to the inmate's confinement. 28 C.F.R. § 542.10(a). The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a "BP–9" form; (3) appealing to the Regional Director on a "BP–10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP–11" form within 30 days of the date the Regional Director signed the response to the appeal. Id. §§ 542.13–15. The BP–10 and BP–11 forms must be accompanied by a copy of the filings and responses from the previous levels. Id. § 542.15(b).

*Risher v. Lappin*, 639 F.3d 236, 238 -39 (6th Cir. 2011).

The United States Parole Commission also has an administrative remedy program. "A federal prisoner challenging an adverse parole decision by the Commission must file an appeal to the [National Appeals] Board pursuant to 28 C.F.R. § 2.26." *Fazzini*, 473 F.3d at 232 (citing *Urbina*, 270 F.3d at 295 n.1). The exhaustion requirement is satisfied if the prisoner describes the administrative proceeding with specificity or attaches a copy of the applicable administrative decision to his habeas petition. *Id.* at 233-34.

Petitioner has not demonstrated that he pursued any administrative remedies with either the Parole Commission or the Bureau of Prisons. Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [dkt. #1] is **DISMISSED**. This dismissal is without prejudice to Petitioner's right to renew his claims following exhaustion of administrative remedies.

The habeas "statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is

3

pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). The Court therefore declines to issue a certificate of appealability. However, if Petitioner appeals this decision, he may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in this Court. 24 Fed. R. App. 24(a)(3)(A).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 28, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Geoghegan by electronic means or U.S. Mail on July 28, 2011.
>
> s/Carol A. Pinegar
> Deputy Clerk